**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-1640**

───────────

HEPHZIBAH BATES, a/k/a Hattie Tea Jenkins Bates,

Plaintiff - Appellant,

v.

CHARLIE DICKENS; CHARLOTTE DICKENS,

Defendants – Appellees.

───────────

**No. 15-1641**

───────────

HEPHZIBAH BATES,

Plaintiff - Appellant,

v.

VALERY BROWN; VIRGINIA CREDIT UNION, INC.,

Defendants – Appellees.

───────────

**No. 15-1642**

───────────

HEPHZIBAH BATES,

Plaintiff - Appellant,

v.

MELVIN HUGHES; BERNADETTE BATES THOMPSON,

               Defendants – Appellees.

—————————

**No. 15-1643**

—————————

HEPHZIBAH BATES,

               Plaintiff - Appellant,

     and

IRENE ELIZABETH JENKI BATES,

               Plaintiff,

     v.

IRENE C. DICKENS; VALERY BROWN; FAY BATES; BEVERLY MONROE; MARY JEFFERIES; ALVIN A. BATES, JR.; BERNADETTE THOMPSON; BARBARA  BATES; BRENDA BATES,

               Defendants – Appellees.

—————————

**No. 15-1644**

—————————

HEPHZIBAH BATES,

               Plaintiff - Appellant,

     v.

UNITED STATES DEPARTMENT OF JUSTICE, Investigators Department,

               Defendant – Appellee.

2

**No. 15-1645**

HEPHZIBAH BATES,

    Plaintiff - Appellant,

  v.

UNITED STATES POST OFFICE,

    Defendant – Appellee.

**No. 15-1646**

HEPHZIBAH BATES,

    Plaintiff - Appellant,

  v.

FAY DAMON; RICHMOND POLICE DEPARTMENT/OFFICER,

    Defendants – Appellees.

**No. 15-1647**

HEPHZIBAH BATES,

    Plaintiff - Appellant,

  v.

CHADWICK BOSEMAN, a/k/a Charles Brown,

    Defendant – Appellee.

**No. 15-1648**

HEPHZIBAH BATES,

        Plaintiff - Appellant,

     v.

EQUIFAX CREDIT UNION; RICHMOND POLICE DEPARTMENT/OFFICER,

        Defendants – Appellees.

**No. 15-1649**

HEPHZIBAH BATES,

        Plaintiff - Appellant,

     v.

MEDICAL COLLEGE OF VIRGINIA HOSPITALS,

        Defendant – Appellee.

**No. 15-1650**

HEPHZIBAH BATES,

        Plaintiff - Appellant,

     v.

CLERK, SUPREME COURT OF VIRGINIA,

        Defendant – Appellee.

---

**No. 15-1651**

---

HEPHZIBAH BATES,

                Plaintiff - Appellant,

        v.

US MARSHALS,

                Defendant – Appellee.

---

**No. 15-1652**

---

HEPHZIBAH BATES,

                Plaintiff - Appellant,

        v.

MR. JOHN L. NEWBY, II, Office of the Commissioner, Department of Veterans Services,

                Defendant – Appellee.

---

**No. 15-1653**

---

HEPHZIBAH BATES,

                Plaintiff - Appellant,

        v.

JEFFREY LACKER, President, The Federal Reserve Bank of Richmond,

                Defendant – Appellee.

5

**No. 15-1654**

HEPHZIBAH BATES,

                Plaintiff - Appellant,

        v.

JEFFREY LACKER, President, The Federal Reserve Bank of Richmond,

                Defendant – Appellee.

**No. 15-1655**

HEPHZIBAH BATES,

                Plaintiff - Appellant,

        v.

EMPLOYEES, VIRGINIA CAPITOL POLICE DEPARTMENT,

                Defendant - Appellee.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:14-cv-00680-REP; 3:14-cv-00756-REP; 3:14-cv-00763-REP; 3:14-cv-00769-REP; 3:14-cv-00770-REP; 3:14-cv-00781-REP; 3:14-cv-00842-REP; 3:14-cv-00843-REP; 3:14-cv-00844-REP; 3:15-cv-00063-REP; 3:15-cv-00095-REP; 3:15-cv-00109-REP; 3:15-cv-00110-REP; 3:15-cv-00193-REP; 3:15-cv-00232-REP; 3:15-cv-00233-REP)

Submitted:  September 4, 2015         Decided:  October 15, 2015

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Hephzibah Bates, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hephzibah Bates appeals the district court's order issuing a prefiling injunction, which was ordered in response to sixteen consolidated complaints filed by Ms. Bates. The court justifiably found those complaints to be frivolous, delusional, and "untethered to reality." (Ms. Bates alleges that she is the "Fold" of the Queen of England and has been deprived of rights due to the occupant of that fanciful position.) However, we find that the district court's order did not sufficiently consider all factors necessary for the issuance of a prefiling injunction, and that, in any case, that injunction – which ordered the court clerk "to accept no filings from Hephzibah Bates" – was overbroad.

We review a district court's issuance of a prefiling injunction for abuse of discretion. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Nevertheless, this "drastic remedy" must be used in a manner "consistent with constitutional guarantees of due process of law and access to the courts." Id. Accordingly,

> [i]n determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts

8

and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818. Furthermore, even where a prefiling injunction has been deemed warranted pursuant to a consideration of all of the above factors, "the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue. . . . Absent this narrowing, a prefiling injunction . . . will not survive appellate review." Id.

Here, although the district court appears to have considered the first three of the above factors, it does not appear to have considered the fourth – the adequacy of alternative sanctions, such as a finding of contempt. Moreover, the injunction is in no way narrowly tailored, as it aims to prevent Ms. Bates from making *any* future filings, in related or unrelated cases, in the Eastern District of Virginia. The opinion states that "Bates has been forever enjoined from filing further similar actions in this Court." To the extent the word "similar" is an attempt to limit the reach of the court's injunction, it is too vague to bring the injunction within the bounds of due process. Moreover, this limiting language appears nowhere in the text of the notice delivered to Ms. Bates, which states that the court clerk has been ordered "to accept no filings from Hephzibah Bates."

We vacate and remand for reconsideration in conformance with the guidelines set forth in Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004).

VACATED AND REMANDED